IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BALTIMORE COUNTY, MARYLAND         :
                                   :
        v.                         :    CIVIL NO. CCB-05-511
                                   :
CIGNA CORPORATION, ET AL.          :
                         ...o0o...

## MEMORANDUM

Baltimore County seeks to remand this case to the Circuit Court for Baltimore County. The case was removed by the defendants on the asserted basis of diversity jurisdiction, supported by a claim of fraudulent joinder as to the two non-diverse defendants. For the reasons that follow, the motion to remand will be denied.

The County filed suit in January 2005 against Cigna Corporation ("Cigna"); Connecticut General Life Insurance Company ("CGLIC"); "Cigna Healthcare", and Art Johnson, seeking return of money paid for an insurance policy that has been terminated. Art Johnson was identified only as "a Maryland resident, with his principal place of business in Columbia, Maryland."

The defendants timely removed the case on February 22, 2005. On February 28, 2005, before an answer had been filed, the County filed an amended complaint to correct the name of "Cigna Healthcare," a non-existent entity, to Cigna Healthcare Mid-Atlantic, Inc. ("Cigna HMA"). Cigna HMA is a Maryland corporation. On March 7, 2005, the County filed its motion to remand.[1]

---

[1] Other pending motions include the County's motion for leave to file a second amended complaint (docket entry no. 42); Johnson's motion to dismiss the amended complaint (docket entry no. 36); the County's motion to dismiss the counterclaim (docket entry no. 39); and the defendants' motions for protective order as to depositions of Art Johnson and the Cigna companies (docket entries

Considering only Art Johnson, removal was proper if the defendants can show he was "fraudulently joined"; that is, that the County has no possibility of succeeding in any of its claims against him. See Marshall v. Mansville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993). The inquiry is somewhat more complex when the plaintiff seeks to add a non-diverse party, such as Cigna HMA, after removal. The district court may consider all relevant factors, including "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." Mayes v. Rapoport, 198 F.3d 457, 462 (4th Cir. 1999)(quoting Gum v. General Electric Co., 5 F.Supp.2d 412, 414 (S.D.W.Va. 1998). If the defendant can "carry the heavy burden of proving fraudulent joinder," however, that may be the most significant, perhaps dispositive, factor. Mayes, 198 F.3d at 463. In order to determine whether an attempted joinder is fraudulent, the court is not bound by the allegations of the pleadings, but may instead "consider the entire record, and determine the basis of joinder by any means available." AIDS Counseling and Testing Centers v. Group W Television, Inc., 903 F.2d 1000, 1004 (4th Cir. 1990)(quoting Dodd v. Fawcett Publications, Inc., 329 F.2d 82, 85 (10th Cir. 1964)).

In this case, the County acted promptly to attempt to correct its error as to the proper name of the non-diverse defendant, and there is no obvious indication of any intent to evade federal jurisdiction. The question is whether the defendants have shown that the County has no claim for recovery against Johnson or Cigna HMA. According to the County's original and first amended complaint, the

---

no. 64 and 65).

"defendants" purportedly represented that the County would be entitled to a return of the reserve money in the IBNR (incurred but not reported) claims account when the policy was terminated. (Amended Compl. at ¶ 13, 17, 23, 31.)  Yet when the policy was terminated, no money was returned.

The County attempts to state claims for fraud in the inducement (Count I), negligent misrepresentation (Count II), and breach of contract (Count III).  As to Counts I and II, the complaint identifies no specific misrepresentation made by Johnson, who did not take over handling the account until the end of 1999, after the misrepresentation allegedly made by "defendants" in the mid-90's.  Even if the references to a "PSR interest credit" in the letters Johnson sent to the County in 2001 and 2002, which are not referred to in the complaint, are considered, the letters reflect no representation about a return of money in the IBNR account.  (Pl.'s Mot. to Remand, Johnson Letters, Exs. 3-4.)  The allegations arguably do not satisfy Fed. R. Civ. P. 8(a), and clearly do not satisfy Fed. R. Civ. P. 9(b). See Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999).  Further, Johnson is not a party to the policy and therefore is not a proper defendant to the breach of contract claim.  See International Union, United Mine Workers of America v. Covenant Coal Corp., 977 F.2d 895, 897 (4th Cir. 1992).

Turning to Cigna HMA, there is no evidence that this entity, an HMO according to defendants (CGLIC's Opp'n to Pl.'s Mot. to Remand at 4), is Johnson's employer or otherwise associated with management of the County's insurance.  In correspondence with the County, Johnson used letterhead of "CIGNA HealthCare."  The phrase "CIGNA HealthCare" is defined at the bottom of the letter as a reference to "the various subsidiaries of CIGNA Corporation, including Connecticut General Life Insurance Company, CIGNA Health Corporation, CIGNA Dental Health, Inc. & Healthsource, Inc."

3

(Pl.'s Mot. to Remand, Johnson Letters, Exs. 3-4.)  The reference to Cigna HealthCare Mid-Atlantic (not "Cigna Healthcare Mid-Atlantic, Inc.") on Johnson's business card is not sufficient to convert him to an employee or agent of Cigna HMA.[2]  CGLIC, however, which issued the insurance policy, was Johnson's employer and is a named diverse defendant.[3]

In short, whatever claim the County may have, based on its original and first amended complaint, is directed at CGLIC.  The County has shown no possibility of a claim against Johnson or Cigna Healthcare Mid-Atlantic, Inc.

Finally, the County has filed a motion for leave to file a second amended complaint, which adds somewhat more specific allegations against Johnson and seeks to state new claims.  Assuming without deciding that any of the new claims would be sufficient, it is too late for those to be considered, at least as against Johnson & Cigna HMA.  Although information clarifying a jurisdictional ambiguity may be considered, the existence of diversity jurisdiction is determined based on the claims contained in the state court complaint at the time of removal, not those in a proposed amended complaint.  Cavallini v. State Farm, 44 F.3d 256, 264(5th Cir. 1995); Dempsey v. Transouth Mort. Corp., 88 F. Supp.2d 482, 484  (W.D.N.C. 1999).

---

[2] Indeed, the County admits it is not sure Cigna HMA is the proper defendant. (Pl.'s Reply in Supp. of Mot. to Amend at 2.)

[3] Johnson resigned from his employment with CGLIC effective August 13, 2004. (CGLIC's Opp'n to Pl.'s Mot. to Remand, Butler Decl., Ex. 3 at ¶ 3.)

4

Accordingly, the motion to remand will be denied and the motion for leave to file a second amended complaint will be denied, in its present form, as futile. Johnson and Cigna HMA will be dismissed from this case. A separate Order follows.[4]

| August 3, 2005 | /s/ |
|---|---|
| Date | Catherine C. Blake |
| | United States District Judge |

---

[4] Other pending motions will be addressed at a future date.