IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BALTIMORE COUNTY, MARYLAND | : | |
| | : | |
| v. | : | CIVIL NO. CCB-05-511 |
| | : | |
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY | : : | |

...o0o...

## MEMORANDUM

As part of its answer to plaintiff Baltimore County's amended complaint, the sole remaining defendant in this case, Connecticut General Life Insurance Company ("Connecticut General"), asserted a counterclaim for breach of contract. Plaintiff filed a motion to dismiss this counterclaim on the grounds that the one-year statute of limitations for such an action had expired. *See* 1976 Md. Laws 450, Art. 25A, § 1A(c). Defendants, in opposing the motion, have argued that this provision either is facially invalid or should not be applied to its counterclaim.

This court, sitting under diversity jurisdiction, is bound to apply state statutes of limitations. *See Guaranty Trust Co. of New York v. York,* 326 U.S. 99 (1945). Unless and until the Maryland courts invalidate Art. 25A, § 1A(c), I must consider it a valid legislative enactment. While the Maryland Court of Appeals has not considered a direct challenge to Art. 25A, § 1A, the court thoroughly analyzed its structure and legislative history in *Baltimore County v. RTKL Associates, Inc.*, 846 A.2d 433 (Md. 2004), and did not question its validity as to claims brought against a county. *See id.* at 435-40.

Under Art. 25A, § 1A(c), Connecticut General would be time barred from bringing a

direct claim for breach of contract against Baltimore County.[1]  However, to the extent this provision is a normal statute of limitations, Connecticut General might be entitled to maintain its claim – which arises out of the same set of transactions as the county's claims – in the form of a recoupment defense.  In *Imbesi v. Carpenter Realty Corp.*, 744 A.2d 549 (Md. 2000), the Court of Appeals quoted approvingly from other cases that enunciated this principle:

> We agree with the weight of authority that a claim in the nature of a recoupment defense survives as long as the plaintiff's cause of action exists, even if affirmative legal action upon the subject of recoupment is barred by a statute of limitations.

*Id.* at 557 (quoting *Minex Resources, Inc. v. Morland*, 467 N.W.2d 691, 699 (N.D. 1991)).[2]

The question would arise, however, as to whether Art. 25A, § 1A(c) is a "true statute of limitations" or rather a condition on the right to sue the county for a breach of contract claim. *See State v. Sharafeldin*, 854 A.2d 1208, 1212-19 (Md. 2004) (holding that the analogous provision regarding suits against the state and its agencies is a condition on the right to sue).  As stated above, if it is the former, then Connecticut General would potentially retain the breach of contract claim for the purpose of recoupment.  If it is the latter, then this court would lack jurisdiction to consider the breach of contract claim even as a recoupment defense.  *See id*; *see*

---

[1] As plaintiffs point out, Connecticut General does not contest that the one-year period had passed by the time it filed its counterclaim.

[2] The *Imbesi* court provided the following helpful definitions:
In this opinion "recoupment" means a diminution or a complete counterbalancing of the adversary's claim based upon circumstances arising out of the same transaction on which the adversary's claim is based; "setoff" means a diminution or a complete counterbalancing of the adversary's claim based upon circumstances arising out of a transaction other than that on which the adversary's claim is based; and "counterclaim" means the assertion of a right to have an affirmative judgment against the adversary based upon a setoff or a recoupment.
744 A.2d at 552.

*also U.S. v. Thrower*, 267 F.Supp. 608 (M.D. Tenn. 1967).

     I see no need, however, to decide this difficult issue of state law unless and until it is necessary; that is, only if a jury both awards Baltimore County relief for its claims and also finds that Connecticut General is entitled to relief for its breach of contract claim.[3]  Therefore, I will deny this motion without prejudice and allow Connecticut General's breach of contract claim to go forward as a provisional recoupment defense against Baltimore County.  Given the close nexus between the two claims, I do not believe that it would significantly burden the parties, the court, or the jury if Connecticut General is permitted to present evidence relevant to its breach of contract claim, and the jury is given a special verdict form.  If an eventual verdict necessitates determining whether Connecticut General is actually entitled to maintain its breach of contract claim as recoupment, I will revisit the issue at that time.

    December 16, 2005                                  /s/
         Date                                       Catherine C. Blake
                                                   United States District Judge

---

[3] Given that Connecticut General could not receive an affirmative judgment based on its claim due to Art. 25A, § 1A(c), if Baltimore County does not prevail on its claims, then the issue of whether Connecticut General can recover would be moot.  If Baltimore County prevails but the jury does not find that the county is liable for breach of contract, then the issue would likewise be moot.